IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
FEB 12 2016
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| AMTRUST NORTH AMERICA, INC., a Delaware corporation; and TECHNOLOGY INSURANCE COMPANY, INC., a New Hampshire corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFEBUILT INSURANCE SERVICES, INC., a California corporation a/k/a SAFEBUILT WHOLESALE INSURANCE SERVICES, INC., THE TAFT COMPANIES, LLC, a Maryland corporation, PREFERRED GLOBAL HOLDINGS, INC., a Montana corporation, DAVID E. PIKE, individually, DAVID E. PIKE, INC., a Nevada corporation, PHILIP SALVAGIO, individually, SALMEN INSURANCE SERVICES, INC., a California corporation f/k/a SALVAGIO, INC., CARL M. SAVOIA, JOHN DOE CORPORATIONS 1-5, and JOHN DOES 1-5,<br><br>Defendants. | MC 16-1-BLG-SPW-CSO<br><br>(Related Case SD NY Case No. 14-9494)<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL |

Plaintiffs have filed an unopposed motion for leave to file the

-1-

-2-

following documents under seal: (1) brief in support of motion to enforce subpoena and compel discovery; and (2) Declaration of Perry Schneider in support of the motion, including exhibits.  *Mtn. for Leave to File Under Seal (ECF No. 2).*  Although Plaintiffs represent that Defendants do not oppose the motion, the Court still must determine whether it is appropriate to grant the motion and allow the documents to be filed under seal.  When reviewing requests to seal court documents, the court must start with a strong presumption in favor of access to court records.  *See, e.g., Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096-97 (9th Cir. 2016).  For the reasons that follow, the Court concludes that the motion is appropriately denied with leave to renew.

Local Rule 5.1 governs filing under seal.  It provides, in relevant part, as follows:

> (a) Good Faith.  In addition to the certification set forth in Fed. R. Civ. P. 11(b), any person who files a document or item under seal, with or without prior leave, certifies that sealing is appropriate to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances and with due regard to the public's right of access.
>
> *     *     *

(d) Contents of Motion for Leave.  A motion for leave to file under seal must:

> (1)   be filed in the public record of the case;
>
> (2)   without disclosing confidential information, describe the document or item to be sealed and explain why inclusion in the public record is not appropriate; and
>
> (3)   either
>
>> (A)   state why it is not feasible to file a redacted version of the document or item in the public record, or
>>
>> (B)   be accompanied by a redacted version of the document or item filed in the public record.

L.R. 5.1(a) and (d).

Here, Plaintiffs did not file a supporting brief or other explanation setting forth the bases for their motion.  Although Defendants do not oppose the motion, Plaintiffs nevertheless have failed to comply with Local Rule 5.1(d) (2) and (3).  Specifically, Plaintiffs have not described adequately the documents to be sealed or explained why their inclusion in the public record is not appropriate.  And, they have neither stated why it is infeasible to file a redacted version of any of the documents nor submitted a redacted version of any of the documents.

Although this case appears to raise questions regarding the confidentiality of some records, the Court's cursory review of a sampling of the documents plainly reveals that at least some of them are not appropriately sealed in this matter.  For example, Exhibit 4 (*ECF No. 4-4*) is merely a copy obtained from Westlaw of this Court's decision in *Pac Re 5-AT v. AmTrust North America, Inc.*, 2015 WL 2383406 (D. Mont., May 13, 2015).  A court decision obtainable on Westlaw or through the Office of the Clerk of Court for the U.S. District Court for the District of Montana is obviously a document already in the public record.  *See* Fed. R. Civ. P. 77 and 79; L.R. 1.3.

As another example, Exhibit 6 (*ECF No. 4-6*) is a copy of a pleading filed in the United States District Court for the Southern District of New York.  It does not appear to be filed under seal in that court, nor is there any explanation why it is not already part of the public record.   *See* Fed. R. Civ. P. 77 and 79.

And by way of yet another example, Exhibit 13 (*ECF No. 4-13*) is the printout of a minute entry from a status conference in the Southern District of New York case.  It appears to be available as a docket entry in the case and, as such, available to the public as part of the court

record of that case.

The above documents represent only samples of the many documents that Plaintiffs submitted for filing under seal.  *See ECF Nos. 4-1 through 4-16* (comprising nearly 530 pages of documents).  Some may be appropriate for sealing, while others are not.  Plaintiffs may refile their motion, complying with the requirements of Local Rule 5.1.

For the foregoing reasons, IT IS ORDERED that the motion (*ECF No. 2*) is DENIED with leave to renew.

DATED this 12th day of February, 2016.

_____
United States Magistrate Judge